## THE STATE v. PHILLIPS, *Appellant*.

### Division Two, November 20, 1896.

Criminal Law: BURGLARY: SUFFICIENCY OF EVIDENCE. The evidence examined and *held* sufficient to sustain a conviction of burglary in the second degree.

*Appeal from Lafayette Criminal Court.*—HON. JOHN S. RYLAND, Judge.

AFFIRMED.

*R. F. Walker*, attorney general, and *Wm. Aull*, prosecuting attorney, for the state.

(1) Instruction 1 on part of the state is undoubted law, and has been so recognized for years. R. S. 1889, secs. 3526 and 3528. (2) Instruction 2, given on part of state, is unobjectionable. *State v. Hecox*, 83 Mo. 531; *State v. Higgins*, 88 Mo. 354; *State v. Grant*, 76 Mo. 236; *State v. Gazell*, 30 Mo. 92. (3) Instruction 3, on part of state, properly declares the law.

Kelley's Criminal Law and Practice, p. 410, sec. 617. (4) The objections to instructions 4, 5, 6, 8, and 9, given on part of state, are without merit. (5) The court properly instructed upon the defense of *alibi* in instruction 1, given for defendant and upon circumstantial evidence in instructions 2 and 5 given on part of defendant. See, also, *State v. Hutchinson*, 111 Mo. 257; *State v. Warford*, 106 Mo. 55; *State v. Owens*, 79 Mo. 619.

BURGESS, J.—Defendant and three others were jointly indicted in the criminal court of Lafayette county, charged with breaking into the depot of the Missouri Pacific Railroad Company at Higginsville in said county, on the twenty-third day of January, 1896, and stealing therefrom a quantity of freight which had been deposited therein for transportation and delivery. At the February term, 1896, of said court, a severance was granted defendant. He was at the same term convicted of the offense charged against him, burglary in the second degree, and his punishment fixed at three years' imprisonment in the penitentiary. From the judgment and sentence he perfected his appeal to this court.

On the night of January 23, 1896, and the day next preceding, the defendant was seen in and about Higginsville, as well also as the other persons named in the indictment, all of whom were strangers in that locality. During the latter part of the night the burglars were discovered in the depot and an alarm given. Immediately officers and a number of citizens surrounded the building, and the burglars upon the inside through a window, opened by them, began firing at the officers and citizens surrounding the building, who returned the fire. One of the burglars was shot in the hand, after which those remaining inside the building surrendered.

During the time that the officers and citizens were surrounding the building, one of the windows to the depot building was raised and one of them, answering the description of the defendant Phillips, was seen to leave the building through the open window; there was snow upon the ground which had fallen about 10 o'clock the same night. After securing the burglars upon the inside, the officers and citizens returned to the window and followed the tracks of the party who had escaped through the window through the snow, and also through a muddy, marshy place for some distance, when the tracks led up to a shack built by the side of the railroad track by piling up a lot of ties which had on the day before been left there by railroad employees. Upon examining this shack they found in it the defendant, whose shoes and overshoes were still wet, and the mud similar to that from the marsh still upon them. There were no other tracks of any kind leading past or from this shack.

At the shack the overshoe of the defendant was found, the heel of which was broken through leaving an impression exactly similar to the impression of the track that had been followed. After discovering the mud on the shoes the party sought about to see if there were any other tracks. During this time defendant attempted to remove the mud from his shoes. Defendant told the parties who came upon him at the shack that no one had passed there. He stated in his testimony that he went to the shack by passing along down the Chicago & Alton Railroad to the junction of that road with the Missouri Pacific Railway. The tracks followed from the window to the shack ran in various directions, and then ran directly from one corner of the town to the shack. The tracks made by defendant on his return to the town with the officers were identical with those made going to the shack. The evi-

dence showed that defendant was one of the parties seen in the depot, and that he escaped therefrom through the window and went immediately to the shack.

While defendant is not represented in this court there was filed in his behalf in the court below a motion for a new trial in which six different grounds are assigned therefor. We have examined the facts as disclosed by the record, including the evidence adduced at the trial, and have been unable to find anything having the slightest tendency to sustain either of the grounds assigned in the motion. The evidence showed defendant guilty beyond any question, and the court, by a set of instructions free from objection, covering every phase of the case and absolutely fair to the defendant, submitted the case to the jury who found him guilty. There does not appear any ground for reversal. The judgment is affirmed. All of this division concur.